UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MILTON MONTENEGRO, individually and on behalf
of others similarly situated,

                           **Plaintiff,**

      -against-

LAUMONT PHOTOGRAPHICS, INC., and WILLI
VERA, and JAIME PELAEZ,


                      **Defendants.**
-------------------------------------------------------------------X

**Case No.  20 Civ. 4443**

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Plaintiff Demands a Jury Trial**

        Plaintiff Milton Montenegro (hereinafter referred to as "Plaintiff"),

individually and on behalf of other similarly situated individuals, by and through his

respective attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., herby files this

action against Laumont Photographics, Inc., Willi Vera, and Jaime Pelaez (hereinafter

referred to as "Defendants"), allege as follows:

## PRELIMINARY STATEMENT

1. Defendant Laumont Photographics, Inc., is in the business of scanning, digitally

   retouching, custom fine art and photographic printing.  Defendant Laumount

   Photographics, Inc., is also in the business of mounting and framing, crating and

   installing fine art, prints, and photographs.

2. Defendants Vera and Pelaez manage and have operational control of Defendant Laumont

   Photographics, Inc.

3. Plaintiff brings this action on behalf of himself and similarly situated current and former

   Carpenters and Delivery Workers, who opt-in to this action pursuant to the Fair Labor

   Standards Act, 29 U.S.C. §§ 201 et seq. (hereinafter referred to as "FLSA"), and alleges

that they are entitled to: (i) unpaid overtime premium pay, equal to one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) in a workweek, from Defendants, as required by the FLSA and United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V *et seq*. ("Federal Wage Regulations"); and, (ii) attorneys' fees and costs, liquidated damages and interest, pursuant to the FLSA and related Federal Wage Regulations.

4.  Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated persons who were employed by Defendants as Carpenters and Delivery Workers (hereinafter referred to as "FLSA Collective"), who did not receive premium overtime pay for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period (the full statute of limitations hereinafter shall be referred to as the "FLSA Collective Period").

5.  Plaintiff asserts New York Labor Law (hereinafter "NYLL") claims, on his own behalf and on behalf of current and former Carpenters and Delivery Workers who were employed by Defendants, in the form of a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, (hereinafter referred to as "NYLL Class"), and alleges that they are entitled to: (i) unpaid overtime premium pay, equal to one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) in a workweek, from Defendants, as required by the New York State Minimum Wage Act, N.Y. Labor Law §§ 190 et seq. and 650, *et seq*. ("NYLL") and the New York Minimum Wage Order for Miscellaneous Industries and Occupations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §§ 142-1.1, *et seq*. ("Wage Order"); (ii) damages associated with Defendants' failure

to comply with statutory notice and recordkeeping requirements by failing to provide Plaintiff, and similarly situated individuals, with a written notice concerning their wages and terms of employment, pursuant to N.Y. Labor Law §§ 195(1) and (2); (iii) damages associated with Defendants' failure to provide Plaintiff with wage statements that were compliant with N.Y. Labor Law § 195(3); (iv) damages for late payment of wages, in violation of N.Y. Labor Law § 191; and, (v) liquidated and punitive damages, and attorneys' fees and costs, for the full statute of limitations period (the "NYLL Class Period").

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under the laws of the United States, i.e., 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 because the rights contained in the FLSA were created by congress using its power to regulate commerce.

7.  This Court has supplemental jurisdiction over Plaintiff's New York State claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims in this action that they form part of the same controversy under Article III of the United States Constitution.

8.  This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

10. Plaintiff is an adult male who, at all relevant times, resided in Queens County.

11. Plaintiff consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b).

12. Defendant Laumont Photographics, Inc., is a domestic business entity duly existing under the laws of the State of New York.

13. Defendant Laumont Photographics, Inc., operates its business out of two locations, 44-01 21st Street, Long Island City, New York 11101, and 333 West 52nd Street, New York, New York 10019.

14. Plaintiff was assigned to work primarily out of the Long Island City, New York, location.

15. Defendant Pelaez is a manager of Defendant Laumont Photographics, Inc.

16. Defendant Willi Vera is a manager of Defendant Laumont Photographics, Inc.

17. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by NYLL § 2(5).

18. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by NYLL § 190(2).

19. At all relevant times, Plaintiff was a "manual worker" within the meaning of NYLL § 191(1)(a).

20. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by NYLL § 651(5).

21. At all relevant times, Defendants employed Plaintiff as a "employee", as defined by the Wage Order, 12 N.Y.C.R.R. § 142-2.14.

22. At all relevant times herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

23. At all relevant times, Plaintiff was employed by Defendants as a Carpenter to perform non-exempt manual labor involving repetitive operations with their hands, physical skill,

and energy, pursuant to 29 C.F.R. § 541.3(a) and the Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, § 142-2.2.

24. At all relevant times, Defendants were, individually and jointly, Plaintiff's "employer," within the meaning of NYLL § 2(6).

25. At all relevant times, Defendants were, individually and jointly, Plaintiff's "employer," within the meaning of NYLL § 190(3).

26. At all relevant times, Defendants were, individually and jointly, Plaintiff's "employer," within the meaning of NYLL § 651(6).

27. At all relevant times, Plaintiff was "employed" by Defendants, within the meaning of NYLL § 2(7).

28. Defendants, at all relevant times herein, have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

29. Upon information and belief, at all relevant times herein, Defendants Laumont Photographics, Inc. had gross annual revenues in excess of $500,000.

30. At all times relevant herein, Defendants were an "enterprise" within the meaning of 29 U.S.C. § 203(r).

31. At all relevant times herein, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

32. At all relevant times herein, Defendants were each, individually and jointly, a "person" within the meaning of 29 U.S.C. § 203(a).

33. Defendants collectively and jointly controlled Plaintiff's terms and conditions of employment.

34. At all relevant times, Defendants Vera and Pelaez managed the administrative and business operations of Defendant Laumont Photographics, Inc., including but not limited to exercising operational control over its employees, staffing needs, and maintenance of its facilities.

35. Defendants Vera and Pelaez would routinely direct Plaintiff's work duties by prioritizing his work duties.

36. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff, including payroll and other employment practices that applied to her.

37. Defendants had the power, jointly, to terminate Plaintiff's employment.

38. Defendants had joint and individual control over the economic terms and conditions of Plaintiff's employment, including determining the rate and method of payment.

39. Defendants jointly maintained records relating to Plaintiff's employment with Defendants.

40. Defendants jointly had the power to supervise Plaintiff's daily work activities.

41. Defendants are covered employers within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

## COLLECTIVE ACTION CLAIMS

42. Plaintiff brings his FLSA claims as a collective action pursuant to the FLSA on behalf of himself and on behalf of all other similarly situated persons who were employed by Defendants as Carpenters and Delivery Workers during the FLSA Collective Period.

43. Plaintiff bring the First Cause of Action, FLSA claims, on behalf of himself and all similarly situated persons who have worked as Carpenters or Delivery Workers or have

performed the duties of a Carpenter or Delivery Worker, as described below, who elect to opt-in to this action.

44. At all relevant times, Defendants maintained a policy and pattern or practice of intentionally refusing to pay Plaintiff and the FLSA Collective premium overtime compensation, equal to at least one and one-half times their regular rate of pay, for all hours worked beyond 40 per workweek.

45. Plaintiff's and the FLSA Collective's primary duties were non-exempt in character and involved carpentry and delivering and installing framed or crated art.

46. Plaintiff and the FLSA Collective did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Defendants.

47. Plaintiff and the FLSA Collective did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

48. All of the work that Plaintiff and the FLSA Collective have performed have been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

49. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

50. This pattern, policy, and/or practice includes:

    a.   willfully failing to pay its employees, including Plaintiff and the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek; and,

a.  willfully failing to record all of the hours that Plaintiff and the FLSA Collective worked for the benefit of Defendants, in violation of 29 U.S.C. § 211(c);

b.  willfully failing to record all of the hours that Plaintiff and the FLSA Collective worked for the benefit of Defendants, in violation of 29 C.F.R. § 516.2; and,

c.  willfully failing to post or keep posted a notice explaining the wages and overtime pay rights as provided by the FLSA in any area where Plaintiff, and the FLSA Collective, were employed, in violation of 29 C.F.R. § 516.4(a).

51. Defendants are aware, or should have been aware, that federal law required them to pay employees performing non-exempt duties the statutory minimum wage and overtime premium pay for hours worked in excess of forty (40) per workweek.

52. Plaintiff and the FLSA Collective perform or performed the same primary duties.

53. Defendants' unlawful conduct has been widespread, repeated, and consistent.

54. Plaintiff seek certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former Carpenters and Delivery Workers who were employed by Defendants from September 15, 2014 and the date of a final judgment in this matter, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

55. Plaintiff brings the remaining causes of action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked for Defendants as Carpenters or Delivery Workers or have performed the duties

of a Carpenter or a Delivery Worker between September 15, 2014 and the date of a final judgement in this matter.

56. Although the relative damages suffered by individual NYLL Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

57. Plaintiff and the NYLL Class lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to vigorously prosecute a lawsuit against Defendants and recover damages associated with Defendants' NYLL violations.

58. Excluded from the NYLL Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant Laumont Photographics, Inc., and all other persons who will submit timely and otherwise proper requests for exclusion from the NYLL Class.

59. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

60. Upon information and belief, the number of Carpenters and Delivery Workers employed by Defendants since September 2014 is in excess of 40.  The number of putative class members are therefore too numerous to be individually joined in this lawsuit.

61. Defendants have acted or have refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

62. There are questions of law and fact common to Plaintiff and the NYLL Class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

      i.     Whether Defendants employed members of the NYLL Class and Plaintiff within the meaning of the NYLL;

     ii.     Whether Defendants violated the NYLL Articles 6 and 19, and supporting New York State Department of Labor regulations;

    iii.     Whether Defendants failed to pay Plaintiff and the NYLL Class overtime wages to which they were entitled in violation of NYLL § 663(1);

    iv.     Whether Defendants failed to pay Plaintiff and the NYLL Class overtime wages to which they were entitled in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2;

     v.     Whether Defendants maintained accurate weekly payroll records for Plaintiff and the NYLL Class, including the number of hours worked daily and weekly, including the time of arrival and departure, pursuant to the Wage Order, 12 N.Y.C.R.R. § 142-2.6;

    vi.     Whether Defendants maintained accurate weekly payroll records for Plaintiff and the NYLL Class, including the number of hours worked daily and weekly, including the time of arrival and departure, pursuant to NYLL § 195(4);

   vii.     Whether Defendants failed to furnish Plaintiff and the NYLL Class with accurate statement of wages, hours worked, rates paid, gross wages, and overtime rate of pay as required by NYLL §§ 195(3);

viii. Whether Defendants failed to furnish Plaintiff and the NYLL Class with a notice of terms of employment, as required by NYLL §§ 195(1) and (2);

ix. Whether Defendants violated NYLL § 191 by failing to pay Plaintiff on a weekly basis;

x. Whether Defendants' policy of failing to pay workers all of the wages earned, in compliance with NYLL, was instituted willfully or with reckless disregard of the law;

xi. Whether Defendants failed to post notices explaining a notice issued by the Department of Labor summarizing minimum wage and overtime provisions, in violation of the Wage Order, 12 N.Y.C.R.R. § 142-2.8.

xii. The nature and extent of class-wide injury and the measure of damages for those injuries; and,

xiii. Whether Defendants should be enjoined from such violations of the NYLL in the future.

63. Plaintiff's claims are typical of the claims in the NYLL Class he seeks to represent.

64. Defendants' conduct as alleged herein have caused Plaintiff and putative NYLL Class members to sustain the same or similar injuries and damages.

65. Plaintiff's claims are thereby representative of and co-extensive with the claims of the class he seeks to represent.

66. Plaintiff will fairly and adequately represent and protect the interests of the NYLL Class he seeks to represent because Plaintiff's interests do not conflict with the interests of the NYLL Class he seeks to represent.

67. Plaintiff has retained Counsel competent and experienced in complex class action litigation on behalf of employees and intend to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the NYLL Class.

68. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative class members is not practicable, and questions of law and fact common to Plaintiff and the putative NYLL Class members predominate over any questions affecting only individual members of the class.

69. Individualized litigation increases the delay and expense to all parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

70. In the alternative, the class may be certified because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual members of the class, and, in turn, would establish incompatible standards of conduct for Defendants.

71. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the parties and the judicial system.

72. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

73. Plaintiff will fairly and adequately represent and protect the interests of the members of the NYLL Class.

74. Plaintiff understands that as class representatives, he will assume a fiduciary responsibility to the class to represent its interests fairly and adequately.

75. Plaintiff recognizes that as class representatives, he must represent and consider the interest of the class just as he would represent and consider his own interests.

76. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interest over the class.

77. Plaintiff recognizes that any resolution of a class action must be in the best interests of the class.

78. Plaintiff understands that in order to provide adequate representation he must be informed of the developments of the litigation, cooperate with class counsel, and testify at deposition and/or trial.

79. This action is properly maintained as class action under Federal Rule of Civil Procedure 23(d)(3).

## FACTUAL ALLEGATIONS

80. In or around November 2013, Plaintiff was interviewed by Defendants Pelaez and Vera to work for Defendants as a Carpenter.

81. Shortly after interviewing Plaintiff, Defendants hired him to work on a full-time basis.

82. At the time that he was hired, Defendants Pelaez and Vera informed Plaintiff that Defendants were going to pay him $15 an hour.

83. At the time that he was hired, Defendants failed to notify Plaintiff, in writing, at of the following information: (1) the rates of pay and basis thereof, (2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any, claimed as part of the minimum wage, including lodging allowances, (4) regular pay day designated, (5) name of the employer, (6) any "doing business as" names used by the employer, 6) the physical

address of the employer's main office or principal place of business, and, (7) the

employer's telephone number, in violation of NYLL § 195(1)(a).

84. Plaintiff's job duties involved: (1) performing a wide variety of general and semiskilled

activities associated with constructing wood portrait frames in a full-service fine art

frame shop and manufacturer of custom made hardwood frames for artists, collectors,

galleries, and museums; (2) following blueprints and plans; (3) measuring, cutting, and

shaping wood and other materials; (4) constructing, in part, and preparing the rear section

of wood portrait frames before other Carpenters would finish the wood frame products

and prepare them for installation of portraits and painting; (2) constructing wood crates to

transport wall art; (3) delivering crated art to Defendants' clients within New York City;

(4) hands-on installation of artwork on Defendants' clients' premises; and, (5) receiving

and stocking wood products from New York State and outside of state vendors that are

used to construct portrait frames.

85. In or around early 2020, Defendants increased Plaintiff's wages to $19 an hour.

86. When Plaintiff's and the NYLL Class's wages were changed, Defendants failed to notify

Plaintiff, in writing, at of the following information: (1) the rates of pay and basis thereof,

(2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any,

claimed as part of the minimum wage, including lodging allowances, (4) regular pay day

designated, (5) name of the employer, (6) any "doing business as" names used by the

employer, 6) the physical address of the employer's main office or principal place of

business, and, (7) the employer's telephone number, in violation of NYLL § 195(2).

87. During the time that Plaintiff worked for Defendants, Plaintiff received his daily work

assignments and was directly supervised by Defendants Pelaez and Vera on a daily basis.

14

88. Defendants Pelaez and Vera also controlled Plaintiff's, the FLSA Collective's, and the NYLL Class' terms and conditions of employment, and determined their rate and method of compensation.

89. During the time that Plaintiff worked for Defendants, Defendants Pelaez and Vera set Plaintiff's, the FLSA Collective's, and the NYLL Class' work schedule, including setting the days and hours of employment.

90. During the time that Plaintiff worked for Defendants, Defendants Pelaez and Vera approved or disapproved Plaintiff's, the FLSA Collective's, and the NYLL Class' requests for approved paid and unpaid leave.

91. During the time that Plaintiff worked for Defendants, Defendants Pelaez and Vera maintained employee records, and had the authority to hire and fire employees, including Plaintiff, the FLSA Collective's, and the NYLL Class'.

92. During the time that Plaintiff worked for Defendants, Defendants Pelaez and Vera possessed the authority to promulgate and enforce Defendants' rules, including the ability to discipline Plaintiff, the FLSA Collective, and the NYLL Class.

93. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff, the FLSA Collective's, and the NYLL Class' including timekeeping, payroll and other employment practices that applied to him.

94. At all relevant times during Plaintiff's employment with Defendant, Plaintiff, the FLSA Collective, and the NYLL Class had no managerial duties or decision-making authority, and were not authorized to spend money on the company's behalf.

95. Defendants had a pattern, policy, and/or practice of intentionally refusing to pay Plaintiff, the FLSA Collective, and the NYLL Class, overtime wages equal to one and one-half the regular hourly rate of pay.

96. For example, in or around the week of December 1, 2019, Plaintiff worked over forty-four (44) hours without receiving premium overtime wages equal to one and one-half times Plaintiff's regular hourly rate of pay for all hours in excess of forty (40).

97. During Plaintiff's employment, Defendants did not provide Plaintiff, the FLSA Collective, and the NYLL Class with uninterrupted meal breaks lasting twenty (20) or more minutes.

98. Throughout the duration of Plaintiff's employment with Defendant, Plaintiff and the NYLL Class were issued paystubs that did not conform to NYLL § 195(3), including, but not limited to the pay period being paid in the paystub, the applicable overtime premium rate of pay, and the number of hours worked in the pay period being compensated.

99. At all relevant times, Defendants failed to maintain accurate records of the hours that Plaintiff and the FLSA Collective worked and the wages that he was statutorily entitled to, in violation of 29 U.S.C. § 211(c).

100. At all relevant times, Defendants failed to maintain accurate records of the hours that Plaintiff and the FLSA Collective worked and the wages that he was statutorily entitled to, in violation of 29 C.F.R. 516.2.

101. At all relevant times, Defendants failed to maintain accurate records of the hours that Plaintiff worked and the wages that he was statutorily entitled to, in violation of N.Y. Labor Law § 661.

102.   At all relevant times, Defendants failed to maintain accurate records of the hours that
       Plaintiff worked and the wages that he was statutorily entitled to, in violation of N.Y.
       Comp. Codes R. & Regs. tit. 12, Part 142, §§ 142-2.6.

103.   On September 15, 2020, Plaintiff served Defendant Laumont Photographics, Inc. with
       notice, pursuant to N.Y. Business Corporation Law 630, that Plaintiff intended to hold
       the ten largest shareholders of Defendant Laumont Photographics, Inc. personally liable
       for unpaid wages, and requesting the opportunity to inspect Defendant Laumont
       Photographics, Inc.'s books and records, pursuant to N.Y. Business Corporation Law §
       624, by sending a written communication, via regular mail and email, addressed to
       Defendant Laumont Photographics, Inc.'s Chief Executive Officer, Philippe Laumont.

                          **FIRST CLAIM OF RELIEF**
                       **FAIR LABOR STANDARDS ACT**
                          **OVERTIME VIOLATIONS**
                   **(BROUGHT ON BEHALF OF PLAINTIFF AND**
                          **FLSA COLLECTIVE CLASS)**

104.   Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates
       by reference all allegations in all preceding paragraphs as if they were set forth again
       herein.

105.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and
       the Federal Wage Regulations, apply to Defendants and protect Plaintiff and the FLSA
       Collective.

106.   Throughout the FLSA Collective Period, Plaintiff and the FLSA Collective regularly
       worked and continue to work in excess of forty (40) hours per workweek.

107.   At all relevant times, Defendants operated under a decision, policy and plan, and
       under common policies, programs, practices, procedures, protocols, routine and rules of

willfully failing and refusing to pay Plaintiff and the FLSA Collective at one and one-half times their regular hourly wage for all work in excess of forty (40) hours per workweek.

108.    At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective at the required overtime rate, one and one-half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

109.    Defendants were aware or should have been aware that the practices described in the Class and Collective Action Complaint were unlawful.

110.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

111.    Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

112.    As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective have been deprived of premium overtime wages in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**<u>SECOND CLAIM FOR RELIEF</u>**
**NEW YORK STATE LABOR LAW**
**VIOLATIONS OF THE OVERTIME PROVISIONS**
**(BROUGHT ON BEHALF OF PLAINTIFF AND THE NYLL CLASS)**

113.    Plaintiff, on behalf of himself and the NYLL Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

114.    The overtime wage provisions of Article 19 of the NYLL and the Wage Order apply to Defendant, and protect Plaintiff and the members of the NYLL Class.

115.    During the NYLL Class Period, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines

and rules of willfully failing and refusing to pay Plaintiff and the NYLL Class at one and one-half times their hourly wage for all work in excess of forty (40) hours per workweek.

116.    At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the NYLL Class at the required overtime rate, one and one-half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

117.    Through their knowledge or intentional failure to pay Plaintiff and the members of the NYLL Class overtime wages for hours worked in excess of forty (40) hours per week, Defendants have willfully violated the NYLL Article 19 §§ 650 *et seq*., and Wage Order, 12 N.Y.C.R.R. § 142-2.2.

118.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the NYLL Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

<u>THIRD CLAIM FOR RELIEF</u>
**NEW YORK STATE LABOR LAW**
**WAGE STATEMENT PROVISION**
**(BROUGHT ON BEHALF OF PLAINTIFF AND THE NYLL CLASS)**

119.    Plaintiff, on behalf of himself and the NYLL Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

120.    The wage provisions of Article 6 of the NYLL and the Wage Order apply to Defendants, and protect Plaintiff and the members of the NYLL Class.

121.    During the NYLL Class Period, Defendants failed to provide Plaintiff and the members of the NYLL Class with a written statement concurrent with payment of wages which lists, *inter alia,* the number of regular, overtime hours worked and the overtime rate of pay, to which they are entitled under the NYLL § 195(3) and Wage Order.

122.   Through their knowledge or intentional failure to provide Plaintiff and the members

of the NYLL Class with wage statements, Defendants have willfully violated the NYLL

Article 6 §§ 195 *et seq*.

123.   Due to Defendants' violations of the NYLL § 195(3), Plaintiff and the members of

the NYLL Class are each entitled to recover from Defendants $5,000.00 in damages, as

provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**NOTICE AND RECORDKEEPING REQUIREMENT**
**(BROUGHT ON BEHALF OF PLAINTIFF AND THE NYLL CLASS)**

124.   Plaintiff, on behalf of himself and the NYLL Class, re-alleges and incorporates by

reference all allegations in all preceding paragraphs as if they were set forth again herein.

125.   The minimum wage provisions of Article 6 of the NYLL and its supporting

regulations apply to Defendant, and protect Plaintiff and the members of the NYLL

Class.

126.   During the NYLL Class Period, Defendants failed to provide Plaintiff and the

members of the NYLL Class with a written notice in Plaintiff's and the NYLL Class'

primary language, at the time that they were hired and when their hourly rate of pay

changed, containing: the rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part

of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names

used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the

employer, as required by NYLL §§ 195(1) and (2).

20

127.    Through their knowledge or intentional failure to provide Plaintiff and the members

of the NYLL Class with notice statements, Defendants have willfully violated the NYLL

Article 6 §§ 195(1) and (2).

128.    Due to Defendants' violations of the NYLL §§ 195(1) and (2), Plaintiff and the

members of the NYLL Class are each individually entitled to recover from Defendants

$5,000.00 in damages each, as provided for by NYLL Article 6, § 198, reasonable

attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**UNTIMELY PAYMENT OF WAGES**
**(BROUGHT ON BEHALF OF PLAINTIFF AND THE NYLL CLASS)**

129.    Plaintiff, on behalf of himself and the NYLL Class, re-alleges and incorporates by

reference all allegations in all preceding paragraphs as if they were set forth again herein.

130.    The Payment of Wages provisions of Article 6 of the NYLL and the supporting Wage

Order apply to Defendants and protect Plaintiff and the NYLL Class.

131.    NYLL § 191(1)(d) provides that employers shall pay wages:

> shall be paid the wages earned in accordance with the agreed
> terms of employment, but not less frequently than semi-
> monthly, on regular pay days designated in advance by the
> employer.

132.    During the NYLL Class Period, Defendants willfully failed to pay Plaintiff and the

NYLL Class their wages on a weekly basis, in violation of the NYLL and the Wage

Order.

133.    The foregoing conduct of Defendants constitutes willful violations of the NYLL.

134.    Defendant's NYLL violations have caused the Plaintiff irreparable harm for which

there is no adequate remedy at law.

135.   Due to Defendant's NYLL and the Wage Order violations, the Plaintiff are entitled to recover from Defendant liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements pursuant to NYLL Article 6, § 198, reasonable attorneys' fees and costs.

51.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective and the NYLL Class, respectfully request that this Court:

a) Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

b) Designate of Plaintiff as representative to the FLSA Collective and attorneys of record as counsel for the FLSA Collective;

c) Certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d) Designate Plaintiff as representative to Rule 23 Class and attorneys of record as Class Counsel;

e) Declare the practices complained of herein as unlawful under applicable federal and state law;

22

f)   Declare that Defendants violated the FLSA and NYLL by failing to pay
Plaintiff and the NYLL Class premium overtime wages for all hours worked
in excess of forty (40) each workweek;

g)   Declare that Defendants violated NYLL § 191, with respect to Plaintiff and
the NYLL Class, by failing to pay their wages in a weekly basis;

h)   Declare that Defendants violated NYLL §§ 195(1) and (2) by failing to
provide the required written notices concerning the terms and conditions of
wages earned;

i)   Declare that Defendants violated NYLL § 195(3) by failing to provide
accurate wage statements with each payment of wages;

j)   Award of unpaid wages and overtime pay, an additional and equal amount as
liquidated damages pursuant to the FLSA and the supporting United States
Department of Labor regulations;

k)   Award of unpaid wages and overtime pay, an additional and equal amount as
liquidated damages pursuant to the NYLL and the Wage Order;

l)   Award of liquidated damages pursuant to the NYLL § 191;

m)   Award of statutory penalties equal to two hundred and fifty dollars for each
workday that Defendants failed to provide Plaintiff and the NYLL Class with
accurate wage statements, or a total of five thousand dollars each, as provided
by NYLL, Article 6 § 198;

n)   Award of statutory penalties equal to fifty dollars for each workday that
Defendants failed to provide Plaintiff and the NYLL Class with proper wage

notices, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

o)  Prejudgment and post-judgment interest;

p)  Issue an injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to NYLL;

q)  Provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

r)  Award attorneys' fees, costs, and expenses incurred in the prosecution of the instant action; and,

s)  Award and/or Order such other relief that this Court shall deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, on behalf of himself and on behalf

of all other similarly-situated persons, hereby demand a jury trial on all issues of fact and

damages.

Date:   New York, New York
     September 21, 2020

                             The Law Offices of
                             Fausto E. Zapata, Jr., P.C.

By:                             
                             Fausto E. Zapata, Jr. (FZ4957)
                             *Attorneys for Tito Pavon*
                             277 Broadway, Suite 206
                             New York, New York 10007
                             Tel. (212) 766-9870
                             Email: fz@fzapatalaw.com