UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MILTON MONTENEGRO,

                Plaintiff,

     -against-                    **MEMORANDUM AND ORDER**
                                            20 CV 4443 (DG) (CLP)

LAUMONT PHOTOGRAPHICS, INC. *et al.*,

                Defendants.
------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On September 21, 2020, plaintiff Milton Montenegro commenced this action against defendants Laumont Photographics, Inc. ("Laumont"), Willi Vera, and Jaime Pelaez, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the New York Labor Law ("NYLL"), and the New York Minimum Wage Order for Miscellaneous Industries and Occupations, N.Y. Comp. Codes R. & Regs. Tit. 12, Part 142, §§ 142-1.1, et seq. (Compl.[1]). On February 11, 2022, plaintiff filed a motion for settlement approval, attaching the Settlement Agreement and billing records submitted in support of plaintiff's request for attorney's fees. (See Mot.[2]; Sett. Agr.[3]; Bill. Recs.[4]). On February 14, 2022, the Honorable Diane Gujarati referred the motion to the undersigned for a Report and Recommendation. (See Order Referring Motion, dated Feb. 14, 2022). A fairness hearing pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015), was held on March 25, 2022. (See Electronic Minute Entry, dated

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed Sept. 21, 2020, ECF No. 1.
[2] Citations to "Mot." refer to the motion for settlement approval, filed Feb. 11, 2022, ECF No. 32.
[3] Citations to "Sett. Agr." refer to the Settlement Agreement, filed Feb. 11, 2022, ECF No. 32-1.
[4] Citations to "Bill. Recs." refer to counsel's hours and expenses, filed Feb. 11, 2022, ECF No. 32-2.

Apr. 7, 2022). On April 7, 2022, the parties consented to the undersigned for purposes of "approval of [the] settlement." (See ECF No. 33).

For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable and approves plaintiff's request for attorney's fees and costs.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are more fully set out in this Court's August 10, 2021 Order and will be summarized as is relevant to this motion. (See 8/10/21 Ord.[5]). Plaintiff alleges that defendant Laumont is a New York corporation with two locations: 44-01 21st Street, Long Island City, New York, and 333 West 52nd Street, New York, New York. (Compl. ¶¶ 12, 13). Defendants Vera and Pelaez are alleged to be managers of Laumont, overseeing operations and managing the employees, including plaintiff. (See id. ¶¶ 15, 16, 34, 35-40).

Plaintiff alleges that he was hired by Laumont in or around November 2013 to perform manual labor as a carpenter, primarily at the Long Island City location. (See id. ¶¶ 14, 18, 45, 80, 84). According to plaintiff, he was told at the time of hire that he would be paid $15 per hour, but he claims that defendants failed to notify him in writing of the rates of pay, and whether he would be paid by the hour, shift, day, week, or salary, in violation of NYLL § 195(1)(a). (Id. ¶¶ 82, 83). In early 2020, plaintiff's wages were raised to $19 per hour, but again, defendants failed to provide written notification as required by NYLL § 195(2). (Id. ¶ 85). Plaintiff further alleges that throughout his employment with defendants, he received paystubs that did not conform to NYLL § 195(3), and that defendants failed to maintain proper records of the hours worked and wages to which he was entitled. (Id. ¶¶ 98-102).

---

[5] Citations to "8/10/21 Ord." refer to this Court's Order, filed Aug. 10, 2021, ECF No. 28.

Plaintiff further alleges that defendants had a policy and practice of refusing to pay overtime wages, citing the week of December 1, 2019, during which he worked over 44 hours without receiving overtime wages equal to one and one half the regular hourly wage rate. (Id. ¶¶ 95-96). He also claims that he was not provided with uninterrupted meal breaks lasting 20 or more minutes. (Id. ¶ 97). The Complaint alleges these overtime violations, wage statement and wage notice violations, and untimely payment of wages on behalf of all similarly situated employees. (Id. at 22-23).

On October 10, 2021, this Court denied plaintiff's motion for conditional class certification, without prejudice, citing plaintiff's failure to "include[] information about other employees' wages, hours, or other details . . . to support the conclusion that thy are victims of a common policy." (8/10/21 Ord. at 13). The Court also noted plaintiff's lack of information regarding his schedule, finding that it was "difficult to determine whether he has adequately stated a claim of a common policy or practice." (Id. at 9-10).

The case was thereafter referred to mediation and the Court was informed that the case had settled on December 1, 2021. After an extension, the parties filed their motion for settlement approval on February 11, 2022. (See Mot.).

## DISCUSSION

I. Legal Standards

In deciding whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)

(holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation")). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. Rather, if the court finds one or more provisions of a FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. See id. at 605.

II.   Settlement Terms

The Court notes that the Settlement Agreement does not contain any confidentiality clauses, non-employment clauses, non-disparagement clauses that do not contain a carve-out for truthful statements, or general releases, all of which have previously been rejected by courts in

4

this Circuit. See Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs agree to never seek re-employment with defendant contravenes the FLSA); Lopez v. Bell Blvd Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) (holding confidentiality clause is impermissible); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in a FLSA settlement agreement "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case"); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement agreement containing a general release violated the FLSA).

Accordingly, the Court finds that the Settlement Agreement does not contain any impermissible clauses and comports fully with Cheeks.

III. Settlement Amount

The parties represent that the settlement amount is "the product of arm's-length negotiation between experienced counsel, each of whom vigorously represented their respective clients' interests." (Mot. at 3). Under the Settlement Agreement, plaintiff will receive a total of $20,000. (Sett. Agr. ¶ 4; Mot. at 4). Of that total, $12,719.34 will go directly to plaintiff, $6,359.67 of which is to compensate for plaintiff's overtime payment and the remaining $6,359.67 for liquidated damages. (Mot. at 4). Plaintiff argues that, should he prevail on all of his claims, he would be entitled to $20,803.72. (See Mot. at 2). However, plaintiff acknowledges that he faces a risk that he would not prevail on all of his claims if he proceeded to trial. He states that defendants have produced plaintiff's "time and payroll records which they

5

claim show that Plaintiff did not work the number of hours that he claimed to have worked and earned the wages that he claimed to have earned." (Id. at 3). Plaintiff also notes that the Agreement avoids additional costly litigation, (id.), which weighs in favor of finding that the settlement was reasonable. Calle v. Elite Specialty Coatings Plus, Inc., No. 13 CV 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014). Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation and seeing no issues regarding potential fraud or collusion in this case, the Court finds that the settlement reached is fair and reasonable. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

IV. Attorney's Fees and Costs

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts often employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors.

Cowan v. Ernest Codelia, P.C., 2001 WL 30501, at *7; see Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Courts in this Circuit have addressed the issue of applying a multiplier to the lodestar calculation. In one case, the Honorable William H. Pauley III concluded that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). In reaching this decision, Judge Pauley examined the case law of this Circuit and noted that courts "have generally refused multipliers as high as 2.03.'" Id. at 438 (quoting In re Currency Conversion, 263 F.R.D. 110, 129 (S.D.N.Y. 2009)); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL

7

6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013)).

Here, plaintiff's counsel has used the "percentage of the fund" method to seek compensation equaling approximately 33% of the total, or $6,359.66. (Mot. at 5-6). The costs cited, and deducted from the initial gross recovery amount, are the filing fee, service on the defendants, and the mediation fees as split between the two parties, which total $921.00. (Id. at 6; Sett. Agr. ¶ 4(a)). A one-third fee is presumptively reasonable in this Circuit. See Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (stating that a "one-third contingency fee is a commonly accepted fee in this Circuit" and collecting cases). Counsel also represents, and this Court agrees, that they have "vigorously advocated" for plaintiff throughout the litigation process. (Mot. at 3). Accordingly, the Court finds that the attorney's fee is reasonable relative to the settlement amount. The other Goldberger factors also weigh in favor of finding the award fair and reasonable: the risks of litigation are high, "FLSA claims [such as those in this case] typically involve complex mixed questions of fact and law," Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 743 (1981), and the public policy goal of encouraging attorneys to take on FLSA and NYLL actions that protect the wages of workers is served here. See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. 2013). Lastly, courts often award costs that are "incidental and necessary to [plaintiff's] representation" and the filing fee, cost of service, and mediation fees certainly qualify as necessary aspects of this litigation. See, e.g., In re Indep. Energy Holdings PLC Sec. Litig., 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003).

In summary, this Court finds that the attorney's fee award, in addition to the amount requested for costs, is fair and reasonable.

**CONCLUSION**

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the factual disputes that might have limited recovery, and the fact that the parties engaged in arms' length negotiations, all of which were sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that counsel's request for fees and costs is reasonable.

The stipulation of dismissal the parties filed is So Ordered and attached to this Order as an Exhibit. However, per the stipulation, the case will remain open for 75 days, or until June 28, 2022, in the event of nonpayment.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: April 14, 2022
       Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York

9